UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ALBERT ROSE, on behalf of himself and all
others similarly situated,

          Plaintiff,

v.                                                      Case No. 5:05-cv-330-Oc-10GRJ

MEDTRONIC, INC.,

          Defendant.
_____

## ORDER

Pending before the Court is Defendant Medtronic, Inc.'s Motion To File Under Seal Exhibits B And C of the Affidavit of Michael J. Galloway. (Doc. 20.) Plaintiff filed a Memorandum of Law In Opposition (Doc. 27), arguing that Medtronic cannot shield the exhibits from public disclosure because to do so would violate the Florida Sunshine in Litigation Act. Because this issue had not been addressed in Medtronic's motion to seal the Court requested that Medtronic file a reply brief limited to the issue of whether the Sunshine In Litigation Act is applicable to this action. (Doc. 28.) Medtronic's has filed its Reply Brief (Doc. 31) and thus the matter is ripe for the Court's review. For the reasons discussed below, Medtronic's motion to file under seal exhibits B and C to the Galloway affidavit is due to be **GRANTED**.

## I. INTRODUCTION

Defendant requests that the Court enter an order allowing it to file under seal Exhibits B and C of the Affidavit of Michael J. Galloway. In support of its Motion For Summary Judgment, Medtronic filed the affidavit of Michael Galloway, Medtronic's

Principal Reliability Engineer. The two attachments to the Galloway affidavit - which Medtronic seeks to file under seal - consist of: (i) copies of the traceability cards for the device involved in this case,[1] (Ex. B) and (ii) copies of the Trace Audit Reports for the battery contained in the ICD involved in this case. (Ex. C.) According to Medtronic, Exhibits B and C contain extremely sensitive business information and contain its internal confidential design data and proprietary information.

As evidenced by the Affidavit of Stanton D. Myrum, Vice President of Operations and Quality, of Medtronic's CRM Division, the ICD device and battery traceability cards contain the design specifications that have been approved by the FDA through a confidential process.[2] The Trace Audit Report for the batteries used in the assembly of the ICD also contains information regarding the design specifications for the subject device.[3] Medtronic's Vice President of Operations and Quality avers that the information contained in the device and battery traceability cards and the Trace Audit Reports required years for Medtronic to develop and that this information is critical business information.[4] Due to the highly competitive nature of the high tech medical field disclosure of this information to competitors of Medtronic would give the competitors an unfair advantage. Consequently, because this information contains trade secrets and

---

[1] The device involved in this case is an implantable cardioverter defibrillator ("ICD") Model Marquis, which is an FDA approved medical device implanted in patients with chronic hear disease

[2] Doc. 21, Ex. A, ¶7.

[3] *Id.* at ¶8.

[4] *Id.* ¶9.

other confidential information Medtronic has taken all reasonable efforts to keep this information confidential and not available for public disclosure to its competitors.

## II. DISCUSSION

Plaintiff does not seriously dispute that the documents to be filed under seal contain trade secrets or confidential information. Rather, Plaintiff contends that under Fla. Stat. §69.081 (the "Sunshine in Litigation Act"), this Court cannot enter protective orders to seal records which contain information about "public hazards."[5]

The Sunshine in Litigation Act provides in relevant part that,

> no court shall enter an order or judgment which has the purpose or effect of concealing a public hazard or any information concerning a public hazard, nor shall the court enter an order or judgment which has the purpose or effect of concealing any information which may be useful to members of the public in protecting themselves from injury which may result from the public hazard.

The Court, therefore, must determine whether the Sunshine in Litigation Act should be applied rather than the standards for entry of a protective order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure. Plaintiff's position that the Sunshine in Litigation Act should be applied because it is substantive must be rejected for several reasons.

The starting point for the analysis is the two part test established in *Hanna v. Plumer*.[6] In the first part of the *Hanna* test, if the state law in question directly conflicts with a Federal Rule of Civil procedure, as it does here, the court <u>must</u> apply the federal

---

[5] Pursuant to Fla. Stat. § 69.081, a public hazard is "an instrumentality, including but not limited to any device, instrument, person, procedure, product, or a condition of a device, instrument, person, procedure or product, that has caused and is likely to cause injury."

[6] 380 U.S. 460 (1965).

rule.[7] Federal Rule of Civil Procedure 26(7)(c) authorizes the Court to enter protective orders to prevent the disclosure of trade secrets and other proprietary research material while in direct contrast the Sunshine in Litigation Act does not acknowledge the discretion of the Court to protect materials but rather mandates that the information must be disclosed. Thus, the Sunshine in Litigation Act directly conflicts with the applicable Federal Rule of Civil Procedure. Accordingly, the Sunshine in Litigation Act does not trump the provisions of Fed. R.Civ. P. 26(7)(c) and is not applicable with regard to the request to seal Exhibits B and C.

Secondly, even if the Court proceeded to the second half of the *Hanna* test the Sunshine in Litigation Act would still not be applicable. With regard to the substantive law-procedural law dichotomy under the second half of the *Hanna* test,[8] the Court is required to "determine whether failure to apply the state law would lead to different outcomes in state and federal court and result in inequitable administration of the laws or forum shopping."[9] Although Plaintiff alleges that Defendant's ICD device is a public hazard, there has been no trial nor evidentiary hearing in which the device has been determined to be a public hazard. Because the determination in a Florida state court of whether the ICD constitutes a public hazard would not be made summarily but only after evidence had been presented[10] it is, at best, premature to say that the result in

---

[7] Cohen v. Office Depot, Inc. 184 F.3d 1292, 1296 (11th Cir. 1999).

[8] Even if the Court proceeded to step two of the *Hanna* analysis, the Plaintiff wrongly classifies the Sunshine in Litigation Act as a substantive law although Chapter 69 of the Florida Statute under which this act falls is entitled "Miscellaneous Procedural Matters." (Emphasis added.)

[9] Cohen, 184 F.3d at 1297.

[10] *See,* E.I. DuPont de Nemours & Co. V. Lambert, 654 So. 2d 226, 228 (Fla. Dist. Ct. App. 1995).

state court versus the result in federal court would be different or outcome determinative. Accordingly, even under the second part of the *Hanna* test the Court is not required to apply the Sunshine in Litigation Act.

Because the Court concludes that the Sunshine in Litigation Act is inapplicable under the *Hanna* analysis, the Court does not need to address Defendant's contention that the Sunshine in Litigation Act is preempted by the trade secret protections that are part of the MDA and implementing regulations. Furthermore, the Court does not need to address Defendant's argument that application of the Sunshine in Litigation Act would be unconstitutional as a taking without just compensation of Defendant's intellectual property because "it is axiomatic that the federal courts should, where possible, avoid reaching constitutional questions."[11]

Having determined that the Sunshine in Litigation Act does not prohibit this Court from entering a protective order, the Court, nonetheless, still must consider whether the entry of a protective order is appropriate. In considering whether information should be protected from public disclosure, the Court must balance the interests of the public and the parties requesting the sealing of the information.[12] In making this determination courts have considered a number of factors including: (1) the extent to which the information is known outside the business, (2) the extent to which the information is known to those inside the business, (3) the measures taken to guard

---

[11] Pittman v. Cole, 267 F.3d 1269, 1285 (11th Cir. 2001)

[12] *See, e.g.* Chicago Tribune Co. V. Bridgestone/Firetstone, Inc., 263 F. 3d 1304, 1313 (11th Cir. 2001).

the secrecy of the information, and (4) the value of the information to the business and its competitors.[13]

Here, the interest of Medtronic's in maintaining the confidentiality of Exhibits B and C militates strongly in favor of the entry of an appropriate order protecting the documents from public disclosure. The documents contain information related to the design process, the process for manufacturing and the process for monitoring and gathering data related to the ICD.[14]  Moreover, due to the highly competitive and concentrated make-up of the industry the proprietary information, if disclosed, to Medtronic's competitors would provide them with an unfair competitive advantage and would surely result in a significant injury to Medtronic. As such, there is good cause for the entry of a protective order and the Court concludes that the interests of Medtronic in maintaining the confidentiality of its proprietary information outweigh the interest of the public to disclosure of information filed in a lawsuit. Therefore, the Court concludes that Medtronic has met its burden of establishing good cause for the entry of a order pursuant to Federal Rule 26(c)(7) of the Federal Rules of Civil Procedure, protecting the disclosure of Exhibits B and C.  For these reasons,  Defendant Medtronic, Inc.'s Motion To File Under Seal Exhibits B And C of the Affidavit of Michael J. Galloway (Doc. 20) is hereby **GRANTED.**

---

[13] *See,* Uniroyal Chemical Co., Inc. V. Syngenta, 224 F.R.D. 53, 56-57 (D. Conn. 2004).

[14] For example, the Trace Audit Report provides a detailed accounting of the actual assembly process for the device and the document outlines the entire assembly process up to and including final testing and audit. *See,* Doc. 21, Ex. A, ¶8. Further the traceability card discloses the history of the device and it provides a detailed accounting of the assembly process, testing and the individual components that make up the device. *Id.* ¶7.

However, because the Court has been requested to address *only* whether Exhibits B and C may be filed under seal and kept confidential, the Court does not need to address any issues concerning the broad terms of a protective order with regard to other information that may be exchanged by the parties in discovery. The parties are free to resolve those issues between themselves and in the event they are unable to reach agreement, Defendant may file a motion for protective order in which case the Court can then address Plaintiff's objections to the Defendant's proposed protective order, discussed in Plaintiff's Memorandum in Opposition.[15]

Accordingly, with regard only to Exhibits B and C to the Affidavit of Michael J. Galloway, Defendant shall be authorized to file these exhibits under seal. When filing Exhibits B and C the Defendant shall file the documents with the Clerk in a sealed envelope, clearly labeled with the style of the case, the docket number of the Motion for Summary Judgment to which Exhibits B and C are to be attached, and with the notation that the documents are being filed under seal pursuant to this Order of the Court. Further, so that counsel for Plaintiff will have access to the sealed documents, copies of the documents filed under seal shall be served on counsel for Plaintiff subject to the following prohibition. Counsel for Plaintiff, any paralegals or clerical staff employed by counsel for Plaintiff and any experts retained by counsel for Plaintiff shall

---

[15] By way of example, Plaintiff opposes the entry of the form of protective order proposed by Defendant's counsel because the proposed protective order limits the use of confidential information to this case only; fails to address the procedures for use of such information at trial; binds the parties in perpetuity; is unclear as to whether confidential material may be provided to experts; and fails to provide that the materials should first be filed with the Court for *in camera* inspection so that the Court can determine whether the information is a public hazard.

be prohibited from disclosing the documents filed under seal as Exhibits B and C, or the information contained therein, to any other person or entity unless authorized by an order of the Court.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on December 2, 2005.

Copies to:
    All Counsel

GARY R. JONES
United States Magistrate Judge